**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN B. TEJADA, <br><br> Plaintiff, <br><br> v. <br><br> OSCAR AVILES and NURSE WINT, <br><br> Defendants. | No. 23cv1259 (EP) (JRA) <br><br> **OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Juan B. Tejada, a pretrial detainee in Hudson County Jail ("HCJ") in New Jersey, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants HCJ employees Director Oscar Aviles for failing to protect him from COVID-19 and Nurse Wint for denying him medical care. D.E. 1 ("Compl." or "Complaint"); *see also* D.E. 1-2 ("Pl. Letter"). Because Plaintiff has been granted *in forma pauperis* ("IFP") status, D.E. 3, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court will allow the Complaint's denial-of-medical-care claim against Nurse Wint to **PROCEED**[1] but will **DISMISS** *without prejudice* the failure-to-protect claim against Director Aviles.

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service. *See Richardson v. Cascade Skating Rink*, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) (internal quotation marks omitted) ("[T]his Court recognizes [a] § 1915(e)

I.  **BACKGROUND**

Plaintiff arrived at HCJ on January 29, 2021.  Pl. Letter at 1.  He contracted COVID-19 in August 2021 and was taken from his cell to area A-3-W "where they were putting infected inmates." *Id.*

In January 2022, Plaintiff began to experience symptoms like those he felt in August 2021 when he was diagnosed with COVID-19.  *Id.*  Plaintiff complained to Nurse Wint about his symptoms on numerous occasions, but she did not take any action besides giving him a Motrin[2] and telling Plaintiff to go lie down.  *Id.*  Plaintiff states Nurse Wint told him that "there's a lot of [detainees] complaining" and that "there was nothing that she could do."  *Id.*  Plaintiff asked the unit supervising sergeant if the jail had to take certain actions because of COVID-19.  *Id.*  The sergeant allegedly answered that "the warden knows how to run his jail." *Id.* at 2.

Plaintiff alleges Director Aviles "ignored the strict restrictions placed on hospitals [and] institutions by allowing 50-60 inmates to be housed [i]n a dormitory setting with no proper protocol."  Compl. at 4.  He asserts Nurse Wint "brushed [him] off by just down playing [*sic*] [Plaintiff's] symptoms" and giving him Tylenol instead of properly treating his symptoms.  *Id.*

II.  **LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding IFP for cognizable claims and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.  28 U.S.C. § 1915(e)(2).

---

screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.").
[2] Plaintiff states in his Complaint that Nurse Wint gave him Tylenol.  *See* Compl. at 4.  Because it is unclear which medication Nurse Wint provided, the Court retains the language used in each document. *Compare* Pl. Letter at 1 *with* Compl. at 4.

2

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 2023 WL 6108591, at *2 (3d Cir. Sept. 19, 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### III.   ANALYSIS

#### A.   Plaintiff Has Stated a Claim Against Nurse Wint for Failing to Provide Medical Care

Plaintiff alleges Nurse Wint failed to provide him proper treatment for his symptoms. Compl. at 4. Claims by pretrial detainees for failing to provide adequate medical care arise under the Fourteenth Amendment Due Process Clause and are analyzed "under the standard used to evaluate similar claims brought under the Eighth Amendment . . . ." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

To state an Eighth Amendment Claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it's so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003)). "A serious medical need exists when a 'failure to treat can be expected to lead to substantial and unnecessary suffering.'" *Graziano v. Pa. Dep't of Corr.*, 2023 WL 6389756, at *20 (W.D. Pa. Sept. 30, 2023) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)). Based on Plaintiff's claim that he was experiencing severe pain all over his body, Pl. Letter at 1, the Court will presume, for screening purposes only, that Plaintiff has alleged a serious medical need.

The Third Circuit has found deliberate indifference "'where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (quoting *Rouse*, 182 F.3d at 197). A plaintiff may also establish deliberate indifference by "show[ing] that a medical provider persisted in a course of treatment despite knowing that it was ineffective." *Markowitz v. Nicholson*, 2023 WL 6241244, at *2 (3d Cir. Sept. 26, 2023) (citing *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990)).

Plaintiff states that Nurse Wint refused to give him anything other than Tylenol or Motrin despite Plaintiff's worsening symptoms. *See* Compl. at 4; Pl. Letter at 1. He further alleges Nurse

4

Wint told him that "there's a lot of [detainees] complaining" and that "there was nothing that she could do." Pl. Letter at 1. This statement could plausibly be construed as an admission that Nurse Wint denied Plaintiff further care for a non-medical reason, *i.e.*, because of the number of detainees needing treatment, and not due to an exercise of professional judgment. Assuming the truth of the facts alleged and giving Plaintiff the benefit of all reasonable inferences, he has plausibly alleged a denial-of-medical-care claim for this conduct. *See Parkell*, 833 F.3d at 337; *Kitchen v. Clinton Cnty.*, 2020 WL 3052865, at *5 (M.D. Pa. June 8, 2020) (holding the defendant's "refusal to alter [the plaintiff's] treatment despite his worsening condition is sufficient to establish deliberate indifference to a serious medical need and the wanton infliction of pain").

### B. Plaintiff Has Not Stated a Claim against Director Aviles for Failing to Protect Plaintiff from COVID-19

Plaintiff also alleges Director Aviles failed to protect him from COVID-19 when Director Aviles "ignored the strict restrictions place on hospitals [and] institutions by allowing 50-60 inmates to be housed [i]n a dormitory setting with no proper protocol." Compl. at 4. "Exposure [to COVID-19] alone does not establish a constitutional violation . . . ." *Graham v. Aviles*, 2022 WL 16949131, at *4 (D.N.J. Nov. 14, 2022). "Deliberate indifference requires significantly more than negligence." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 329 (3d Cir. 2020). To state this claim, Plaintiff must provide facts that indicate Director Aviles knew of and disregarded an excessive risk to his health and safety. *See Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *see also Jones v. Ellis, et al.*, 2021 WL 5015921, at *3 (D.N.J. Oct. 28, 2021) ("[A] detainee asserting deliberate indifference based on exposure to COVID-19 must still establish that the [d]efendant had the requisite mental state, which is akin to recklessness."). Plaintiff has not alleged such facts in his Complaint; therefore, the Court will dismiss the claim against Director Aviles for failure to state a claim. Because

Plaintiff may be able to allege facts addressing these deficiencies, the Court will dismiss this claim without prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court will allow the Complaint's denial-of-medical-care claim against Nurse Wint to **PROCEED** but will **DISMISS** *without prejudice* the failure-to-protect claim against Director Aviles.  28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order accompanies this Opinion.

 11/2/2023  
Date

_____  
Evelyn Padin, U.S.D.J.